**Alhassane Saliou DIALLO, Petitioner,**

**v.**

**Eric H. HOLDER, Jr.,* Acting Attorney General, Respondent.**

**No. 08–3747–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as respondent in this case.

Theodore Vialet, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

*SUMMARY ORDER*

Petitioner Alhassane Saliou Diallo, a native and citizen of Guinea, seeks review of the June 30, 2008 order of the BIA affirming the August 4, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alhassane Saliou Diallo,* No. A97 976 541 (B.I.A. June 30, 2008), *aff'g* No. A97 976 541 (Immig. Ct. N.Y. City Aug. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and the IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because the Petitioner failed to challenge the agency's denial of his CAT claim, any challenge to that finding is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). In addition, in his brief to this Court, the Petitioner does not challenge the IJ's demeanor finding. Accordingly, any challenge to that finding is deemed waived and it stands as a proper

basis for the IJ's credibility determination. *See id.*

As to the findings the Petitioner does challenge, substantial evidence supports the agency's adverse credibility determination. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004). The Petitioner testified inconsistently about his physical condition upon his release from detention and about whether his wife gave birth prematurely after having been kicked by the police. While the Petitioner had a chance to reconcile his testimony, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), no reasonable fact-finder would be compelled to credit his explanations, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Furthermore, despite the Petitioner's assertion that any inconsistencies were "minor and not material," these inconsistencies went to the heart of his claim—that police abused him while he was in detention and also abused his wife based on his political activities. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 141 (2d Cir.2008) ("The agency may properly base an adverse credibility determination on a discrepancy in the petitioner's evidence if the discrepancy in question goes 'to the heart' of petitioner's claim for relief.").

Moreover, substantial evidence supports the IJ's finding that it was implausible that the police would have any interest in arresting the Petitioner based on an incident at the airport, given that he could not describe that incident, never indicated that he had encountered the police at the airport, or that they knew his name or anything else about him. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007) (noting that an IJ's finding that an applicant's testimony is inherently implausible will not be disturbed so long as the finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived").

Having called the Petitioner's testimony into question, the IJ reasonably found that the evidence he presented, and the lack of certain additional evidence, rendered the Petitioner unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, the record supports the agency's conclusion that the Petitioner was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hongsheng Leng,* 528 F.3d at 141. Because the Petitioner's asylum and withholding of removal claims were based on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).